## VENUE OF ACTION TO ENFORCE JUDGMENT AGAINST A SURETY COMPANY.

Common Pleas Court of Franklin County.

BLANCHE GREER, v. THE CELINA MUTUAL CASUALTY CO. AND F. E. KRAMER.

Decided, September, 1922.

*Action on a Judgment for Tort—Secondary Liability of a Non-Resident Surety Company—Venue—Summons.*

In an action to enforce a judgment for negligence where the debtor is protected by a policy in a liability insurance company, the petition is properly filed in the county of the residence of the primary debtor and summons may be issued therefrom to the surety resident in another county.

KINKEAD, J.

The code provides that when an action is rightly brought in any county a summons may then be issued to any other county, against one or more of the defendants. Sec. 11282.

Plaintiff had a judgment against F. E. Kramer, and now seeks to enforce it against the Celina Surety Company by this action.

Whether an action is rightly brought depends upon the relation of the parties, or the substantive liability of the defendants, and upon the law of venue.

Before judgment was entered the defendant Kramer was charged with liability in tort which became a fixed one by verdict and judgment rendered in favor of plaintiff and against Kramer for $300.

The petition of plaintiff, if it is to have a legal standing, must be regarded as a creditor's bill. In their comprehensive sense they are bills in equity by creditors—judgment creditors—to enforce payment of debts in cases where conditions and circumstances impede or render impossible the collection of the debt by the ordinary legal process. It is to enforce the security of a judgment creditor against the property or interest of his debtor.

It is an old principle of equity that as society advances, and its methods of business undergo change, equity will adapt its relief accordingly.

When the defendant came into this county, into this jurisdiction and insured the defendant against loss by liability for negligence, this liability on the part of the defendant insurance company equitably inured to the benefit of plaintiff who obtained a judgment against Kramer, thereby equitably subjecting the Celina Mutual Casualty Co. to equitable liability for the payment of a judgment rendered against Kramer.

The plaintiff can only enforce the secondary liability by resort to the equitable primary relations existing between plaintiff by virtue of her judgment and the equitable liability which is imposed upon Kramer and the Insurance Company to reimburse plaintiff for her injury.

Plaintiff as a judgment creditor can enforce her equitable right to compel the defendant insurance company to do what equity and law requires in no way except in an action against both Kramer and the insurance company, in which Kramer is made a defendant as the primary obligor and the defendant insurance company is made a party who sustains an equitable secondary liability, which plaintiff seeks to enforce.

Kramer, being a necessary party, in the enforcement of the equitable liability, it follows that the action is rightly brought in this county. The summons was therefore legally issued to Mercer county to be served on the insurance company.

The motion to quash the service is therefore overruled.